IMG-231                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3595
_____

SHENG XIE CAI,
                                          Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-803-024)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2010

Before:  RENDELL, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>.

(Filed:  June 17, 2010)
_____

OPINION
_____

PER CURIAM

      Petitioner Sheng Xie Cai seeks review of the Board of Immigration Appeals'

("BIA") final order of removal.  For the following reasons, we will deny his petition.

      Cai, a native and citizen of China, entered the United States on or about August 27,

2006.  He was served with a notice to appear and conceded removability.  As relief from

removal, Cai filed applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In support of his claims for relief, Cai alleged that he had been persecuted in China on account of his Christian faith.

Before the Immigration Judge ("IJ"), Cai testified that on February 18, 2006, he was on his way to church and became involved in an argument with a group of villagers while speaking to them about Christianity. The conversation turned into a fight, and the group began beating Cai. The police were called and Cai was taken to the police station where he was interrogated. When Cai refused to answer the officials' questions, they beat him, including kicking him and punching him with their fists for about an hour. Cai alleges that the police called his father, who was forced to pay a fine in exchange for Cai's release. The next day, Cai sought medical care for his injuries. Cai soon thereafter left China. Once in the United States, he resumed practicing his faith and continues to attend church. He was baptized on April 6, 2007, after he entered the United States.

In considering Cai's testimony and supporting evidence, the IJ determined that Cai was not credible and denied all relief. Specifically, the IJ found that Cai's in-court testimony regarding Christianity was inconsistent with statements he made at his credible fear interview. The IJ also emphasized that the credible fear interviewer concluded that Cai did not have a basis for seeking asylum, which the IJ noted, is a major deviation from the majority of cases where the recommendation is to continue the matter further for analysis before the Immigration Court. Despite his claim that he was attending regular meetings at an underground church from June 2004 until February 2006, Cai could not

2

tell the interviewer who Jesus was or what baptism is, or offer one of the Ten Commandments. However, he was able to answer non-religious questions with extreme accuracy, such as details about his beating and how far his church was from his village. This led the IJ to find that it appeared that Cai's exposure to Christianity was only after arriving in the United States and that his documentary evidence "clearly established a pattern of either enhancement or even to give the impression to the court of something that actually does not exist." (JA 54-55.) As such, the IJ determined that, because Cai was not credible, Cai failed to carry his burden of proof, and could not establish his eligibility for asylum. The IJ also denied Cai's applications for withholding of removal and CAT protection.

Cai sought review, and the BIA found no clear error in the IJ's determinations. The BIA found that the record supported the IJ's observation that Cai was exposed to or began to develop his faith after coming to the United States. Cai's supporting documentary evidence did not overcome his adverse credibility and failed to establish that he faced persecution. Accordingly, the BIA denied all relief. Cai now petitions this Court for review of the BIA removal order.

We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). We review these findings, including any credibility determinations, under a substantial evidence standard. See Cao v. Att'y Gen., 407 F.3d 146, 152 (3d Cir. 2005). Under the substantial evidence standard, we must uphold the BIA's decision unless the evidence not

3

only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Because Cai filed his asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the adverse credibility finding is based need not go to the heart of his claim. See Lin v. Att'y Gen., 543 F.3d 114, 119 n.5 (3d Cir. 2008). Rather, the REAL ID Act permits credibility determinations to be based on observations of Cai's demeanor, the plausibility of his story, and the consistency of his statements. See 8 U.S.C. § 1158(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006). An applicant bears the burden of proving eligibility for asylum. Shardar v. Att'y Gen., 503 F.3d 308, 312 (3d Cir. 2007).

Cai argues that the IJ improperly relied on his credible fear interview in making an adverse credibility determination because he was afraid and poor detention conditions affected his statements. In support of this argument, Cai cites Balasubramanrim v. INS, 143 F.3d 157, 164 (3d Cir. 1998), and Senathirajah v. INS, 157 F.3d 210, 218-21 (3d Cir. 1998), in which this Court held that inconsistencies between an airport statement and in-court testimony before an IJ cannot alone support an adverse credibility finding. In contrast to these two cases, Cai did not argue that he was deprived a translator, that he did not understand the questions being asked, or that the record of the statements lacked an indicia of reliability, nor did he challenge the interviewer's conduct or any of his own responses. See Chen v. Ashcroft, 376 F.3d 215, 224 (3d Cir. 2004) (finding the IJ and BIA reasonably relied on contradictory statements made at the airport interview and before the IJ in determining the applicant lacked credibility). Rather, he argues that he

4

was "confused," even though he received the assistance of an interpreter and only appeared confused by the questions relating to Christianity. Cai also fails to explain why he was able to give very accurate answers to non-religious questions, but not to those that explored his basic religious knowledge. Thus, the record supports the BIA's adverse credibility determination. See 8 U.S.C. § 1158(b)(1)(B)(iii).

Cai also failed to provide sufficient additional evidence to support his claim of persecution on account of religion.[1] Although the record contains evidence showing that Cai was beaten, there is not substantial evidence, if any, linking his physical attack to being a Christian. For example, while letters submitted by Cai's friend and pastor reiterate his account of being beaten, the BIA found that "it is not clear that either individual witnessed the actual event." (JA 4.) The medical records he provided confirmed that he sustained injuries, but again, do not constitute substantial evidence that he was beaten on account of being a Christian. While Cai appears to disagree with how the BIA construed the evidence, he does not show how a reasonable adjudicator would be compelled to reverse the BIA's determination and find that Cai suffered past persecution.

---

[1]Cai argues that his due process rights were violated because the IJ failed to give him notice of what evidence would be expected or any opportunity to explain why he did not provide such evidence. The government correctly argues that this claim is unexhausted. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (a petitioner "is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim"). Accordingly, because Cai did not raise this claim before the BIA, we lack jurisdiction to consider it.

In addition, the BIA reasonably concluded that Cai failed to demonstrate a well-founded fear of future persecution. The BIA noted that his family remains in China and attends an underground church without incident. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (family members' continued presence without incident can undermine the reasonableness of a petitioner's fear of future persecution). Although Cai argues that he is not similarly situated to his family members, he has not provided evidence that would compel this Court to conclude otherwise. Thus, he cannot show that he is eligible for asylum.

As Cai fails to meet the burden for asylum, he fails to meet the higher burden for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Finally, although Cai raises an objection to the BIA's denial of his CAT claim, he does not develop his argument in the brief. Moreover, there is no evidence in the record to show that he would face torture if removed to China. Id. at 182-83. Accordingly, the BIA properly denied all relief.

For these reasons, the petition for review will be denied.